UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK PRELUTSKY,

                Plaintiff,

    v.

JACKPRELUTSKY.COM,

                Defendant.

Case No.  C05-5361RJB

ORDER

        This matter comes before the Court on Defendant NetNation Communications Inc.'s ("NetNation") Motion for Summary Judgment on all claims against it (Dkt. 16) and Plaintiff's Motion to Strike Insufficient Defenses and For Judgment on the Pleadings (Dkt. 12).  The Court has reviewed all documents filed in support of and in opposition to these motions, has reviewed the entire file, and is fully advised.

### I.  BASIC and PROCEDURAL FACTS

        This matter is an *in rem* proceeding concerning the ownership rights in a domain name pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. A. § 1125.  Dkt. 1.  Under 15 U.S.C.A. § 1125(d)(2):

> **(A)** The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if
>     **(i)** the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c) of this section; and
>     **(ii)** the court finds that the owner–
>         **(I)** is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or

     **(II)** through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by–
      **(aa)** sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
      **(bb)** publishing notice of the action as the court may direct promptly after filing the action.
 **(B)** The actions under subparagraph (A)(ii) shall constitute service of process.

On June 8, 2005, Plaintiff filed an *ex parte* motion to serve a summons and complaint upon the domain name registrant by mail. Dkt. 4. Plaintiff identified the registrant of JACKPRELUTSKY.COM as a corporation known as "NetNation Communications, Inc." Dkt. 4-2, at 2. Plaintiff's motion was granted and the Court permitted service of process by mail to three addresses for "NETNATION COMMUNICATIONS INC." Dkt. 5. The Court noted that any defendant's challenge to the sufficiency of service was not precluded by that order. *Id.* at 2. On November 30, 2005, NetNation filed an answer. Dkt. 10.

NetNation now moves for summary dismissal of any claim against it. Dkts. 16 and 21. NetNation argues it is not and has never been the registrant or registrar of the domain name JackPrelutsky.com. Dkt. 14, at 2. Further, it claims to have no current association with the domain name as the hosting company. *Id*. NetNation "claims no interest in the domain name JackPrelutsky.com and has no objection to Plaintiff being granted the *in rem* relief he seeks, establishing his ownership interest in that domain name." Dkt. 21, at 3.

Plaintiff moves for a judgment on the pleadings. Dkt. 12. Plaintiff argues that if NetNation fails to "file an amended answer with a legally sufficient claim of ownership to JACKPRELUTSKY.COM, the district court should, under the authority of 15 U.S.C. § 1125(d)(2)(D) and Fed. R. Civ. P. 12(c), direct the Clerk to enter judgment on the pleadings declaring plaintiff Jack Prelutsky to be the exclusive and unencumbered owner of that domain name." Dkt. 12, at 5-6.

## II. DISCUSSION

### A. SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

NetNation does not claim any ownership in the domain name which is the subject of this *in rem* proceeding. Dkt. 14, at 2. Plaintiff indicates he has "made no claim for damages against NetNation but served pleadings upon it only to avail NetNation of notice and opportunity to be heard in the event it claimed ownership or some other right to make continued use of the domain name." Dkt. 18, at 3. As such, NetNation is currently not a defendant to this suit and it's motion for summary judgment should be considered moot.

### B. JUDGMENT ON THE PLEADINGS

Fed. R. Civ. P. 12(c) provides that any party may move for a judgment on the pleadings. If, however, matters outside the pleadings are presented, a motion for judgment on the pleadings shall be treated as a motion for summary judgment. *Id.*

Plaintiff moves the Court to declare him the exclusive and unencumbered owner of domain name JACKPRELUTSKY.COM. Dkt. 12. Under 15 U.S.C.A. § 1125(d)(2)(D)(I), the remedies in an *in rem* action such as this one "shall be limited to a court order for the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." It appears Plaintiff is entitled to relief under the Act, because he is the proper "owner of the mark" under the Act. However, if Plaintiff desires a judgment governing possible claimants other than NetNation, in an effort to ensure that any and all interested parties have an opportunity to be heard, Plaintiff should publish notice of this action pursuant to 15 U.S.C.A. § 1125(d)(2)(A)(ii)(II)(bb). Plaintiff should submit a proposed order detailing appropriate publication. Plaintiff's motion should be continued, subject to re-noting by Plaintiff after proof of publication is filed. If Plaintiff only wants judgment on the pleadings as to NetNation, he should so advise the Court. In that case, publication would not be necessary under 15 U.S.C.A. § 1125(d)(2)(A)(ii)(I).

### C. MOTION TO STRIKE INSUFFICIENT DEFENSES

Plaintiff does not contend that NetNation is a defendant in the current matter. As a result, Plaintiff's motion to strike NetNation's defenses is unwarranted. This motion should be denied without prejudice.

### III. ORDER

Therefore, it is hereby,

**ORDERED** that NetNation's Motion for Summary Judgment (Dkt. 16) is **DENIED** without prejudice as moot, and Plaintiff's Motion to Strike Insufficient Defenses is (Dkt. 12) **DENIED** without prejudice, and Plaintiff's Motion for Judgment on the Pleadings is (Dkt. 12) **CONTINUED subject to re-noting by Plaintiff in accordance with this order**. Plaintiff is advised that if he intends to re-file for *in rem* relief under the statute, he should:

1) propose an order regarding a place in which to publish notice of this matter, a reasonable time in which the notice should run, and a reasonable time in which potential interested parties should respond no later than three weeks from the date of this order,

2) publish notice of this matter, and

3) re-note his motion.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 20th day of January, 2006.

Robert J. Bryan
United States District Judge